**No. 48602.**—Protests 615255–G, etc., of Seaboard Foreign Trading Co. (New York).

Opinion by TILSON, J. Upon the established facts and following *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) the harvest hats in question were held dutiable at 25 percent ad valorem under paragraph 1504 (b) (5) as claimed.

**No. 48603.**—Protests 620003–G, etc., of Superior Hat Co. et al. (St. Louis).

Opinion by TILSON, J. The record showed that certain of the items consist of 8-bu. paper hats similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664). Those imported or withdrawn for consumption subsequent to the date of the Netherlands Trade Agreement (T. D. 48075) were held dutiable at 12½ percent under paragraph 1504 (b) (5), and those prior to said date were held dutiable at 25 percent under paragraph 1504 (b) (5). Protests sustained to this extent.

**No. 48604.**—Protest 677119–G of Commercial Iron Works (Portland, Oreg.).

Opinion by TILSON, J. The merchandise was described on the invoice as:

Bridge transmitter mounted on column all polished brass, pattern No. 5, twin dials, 14″ clear dia. 16″ outside diameter, with opal dial protected by plate glass cover. Fitted with oil lamp and provision for electric lamp for illuminating dials.

This description was found to be not out of line with that given by the customs officials and the witnesses who testified at the trial herein. One witness described the merchandise as consisting of a pedestal and gears inside, levers, and wires running down to the engine room, to signal the engine room, generally located on each side of the captain's bridge of the vessel. It has two handles or levers and a "dial that is marked 'Full ahead,' 'Half ahead,' 'Stop,' 'Stand by,' 'Half astern,' 'Full astern.'" The operation of the lever located on the deck transmits instructions to the engine room, "and he is answered from the engine room back to the bridge again, to confirm it." The gears are inside the case, between the two glass faces. On redirect examination one of the witnesses testified that this transmitter is for docking a ship and it is what they call a "docking telegraph," and instead of the annunciator being in the engine room it is back on the poop deck of the ship, but that otherwise it is constructed exactly the same as one running to the engine room. Following *United States* v. *Dyson Shipping Co.* (29 C. C. P. A. 148, C. A. D. 184) the bridge transmitter was held dutiable at 27½ percent under paragraph 372 as claimed.